**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GUILHERME ALEXSANDRO DIAS SOUZA,

Petitioner,

v.

WARDEN, MOSHANNON VALLEY ICE PROCESSING CENTER, ET AL.,

Respondents.

3:26cv1714
ELECTRONICALLY FILED

**MEMORANDUM ORDER DISMISSING AS MOOT PETITIONER GUILHERME ALEXANDRO DIAS SOUZA'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (DOC. 1)**

Pending is Petitioner Guilherme Alexandro Dias Souza's second counseled Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). In his habeas petition, Petitioner challenges his continued immigration detention at the Moshannon Valley Processing Center and requests either immediate release from detention or "a prompt new individualized custody hearing before a neutral decisionmaker at which the Government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary because he presents a current danger to the community or a flight risk that cannot be adequately addressed through reasonable conditions of release." (*Id.*).

## I. BACKGROUND

On August 28, 2026, Petitioner filed his second habeas petition. (*Id.*).

Respondents' response to Petitioner's habeas petition was due on October 1, 2026. (Doc. 3).

On September 30, 2026, Respondents filed a Notice of Suggestion of Mootness, in which they represented, and submitted documentation in support thereof, that Petitioner had been

removed from the United States to Brazil, Petitioner's home country, on September 9, 2026. (Doc. 6)

## II. DISCUSSION AND FINDINGS

As explained by the court in *Taylor v. Oddo*, Civ. No. 3:24-119, 2026 WL 803072 (W.D. Pa. Mar. 23, 2026) (Lanzillo, M.J.):

> Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. A petitioner must, at every stage of litigation, demonstrate "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). A habeas petition generally is moot once the petitioner has been removed from the country because the Court no longer can order the relief requested in the petition. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294, 298 (3d Cir. 2006) (unpublished); *see also Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (a case is moot when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome" or prevent the court from granting the requested relief).

*Taylo*r, 2026 WL 803072, at *1. *See also Kochishvilli v. Oddo et al*., Civ. No. 3:26-245 (W.D. Pa. Apr. 14, 2026) (Haines, J.) (same).

Respondents having provided the Court with evidence that Petitioner has been removed from the United States, and the Court independently being unable to locate Petitioner on ICE's online detainee locator, the Court finds that it cannot grant Petitioner the relief he seeks in his habeas petition (immediate release from detention or "a prompt new individualized custody hearing before a neutral decisionmaker at which the Government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is necessary because he presents a current danger to the community or a flight risk that cannot be adequately addressed through reasonable conditions of release"), and therefore, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED as MOOT.

The Clerk of Court shall mark this case CLOSED.

SO ORDERED this 1st day of October, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record